887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Lewis BARCOL, Jr., Defendant-Appellant.
 No. 88-5181.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 28, 1989.
Decided: Oct. 6, 1989.
 
 J. Troy Abbott (Daniel L. Crandall, on brief), for appellant.
 Kenneth Martin Sorenson, Assistant United States Attorney (John P. Alderman, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 A jury convicted the defendant-appellant Jerry Barcol of violating 18 U.S.C. Sec. 924(c)(1). For the reasons set forth below, we affirm the judgment of conviction.
 
 I.
 
 2
 The defendant-appellant Jerry Lewis Barcol, Jr. met with Shenandoah County Sheriff's Department Investigator Garland Gochenour in a K-Mart parking lot in September 1987. Gochenour asked Barcol to get an ounce of cocaine for him, and Gochenour gave Barcol $1,120 as one-half of the purchase price.
 
 
 3
 Barcol met with Gouchenour later that same evening and gave him the cocaine. As Gouchenour got out of the car, Barcol was arrested by a Bureau of Alcohol, Tobacco and Firearms ("ATF") agent. As the ATF agent took Barcol from the front passenger seat of the car, he saw a Rome 22-caliber revolver on the floor board of the car just to the right of Barcol's right foot. The revolver was fully loaded.
 
 
 4
 Barcol was convicted in state court of cocaine distribution and was indicted by a federal grand jury in March 1988 on the charge of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). Barcol entered a plea of not guilty. The jury found him guilty of violating 18 U.S.C. Sec. 924(c)(1) and Barcol was sentenced to imprisonment to a five-year term. Barcol appeals.
 
 II.
 
 5
 The statute at issue, 18 U.S.C. Sec. 924(c)(1), provides in pertinent part:
 
 
 6
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... (West Supp.1989) (emphasis added).
 
 
 7
 On appeal, Barcol argues that the mere presence of the firearm in the car cannot support a conviction under 18 U.S.C. Sec. 924(c)(1). We find this contention to be wholly without merit. In United States v. Brockington, 849 F.2d 872 (4th Cir.1988), this court affirmed a defendant's conviction under 18 U.S.C. Sec. 924(c)(1) when a firearm was recovered from under the floor mat of defendant's seat in a taxicab. There is nothing to distinguish the present case from Brockington. As we said in Brockington, "it is enough [to support a conviction pursuant to 18 U.S.C. Sec. 924(c)(1) ] if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." 849 F.2d at 876 (citation omitted). It is clear that Barcol's conviction under 18 U.S.C. Sec. 924(c)(1) was proper.
 
 III.
 
 8
 Accordingly, the judgment of conviction is affirmed.
 
 
 9
 AFFIRMED.